UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 5:25-cv-3618 FLA (DSR) | Date: January 5, 2026 |
| Title | Robert Lamount Crossley v. Correctional Officer Diaz Garcia, et al. | |

Present: The Honorable:   Daniel S. Roberts, United States Magistrate Judge

| L. Krivitsky | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED TO EASTERN DISTRICT OF CALIFORNIA**

On December 15, 2025, pro se Plaintiff Robert Lamount Crossley ("Plaintiff") filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1, hereinafter the "Complaint"). Plaintiff is currently incarcerated at the California Institute for Men in Chino, California. Id. at 2, § "C".[1] Plaintiff seeks relief from alleged constitutional violations which occurred on November 24, 2025. Id. at 16. Plaintiff names as defendants J. Flores, Garcia, K. Garcia, S. Lopez, and Diaz Garcia, all of whom are identified as correctional officers. Id. at 16-17. Plaintiff names all Defendants in both their individual and official capacities. Id. The Complaint describes all Defendants being located at Kern Valley State Prison, located in Delano, California. Id. The incident underlying Plaintiff's claims for relief is also alleged to have occurred at Kern Valley State Prison. Id. at 2, § "C."

The federal venue statute requires that a civil action be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the

---

[1] Because the Petition is not consecutively paginated, the Court cites to the CM/ECF pagination on the top of each page.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-3618 FLA (DSR)                                         Date: January 5, 2026

Title        Robert Lamount Crossley v. Correctional Officer Diaz Garcia, et al.

action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

      Based on the allegations in the Complaint, none of the Defendants reside in the Central District of California.  To the contrary, it appears that all of the events that form the basis of Plaintiff's claims occurred at Kern Valley State Prison and that all of the Defendants are located at Kern Valley State Prison.  See Complaint at p. 2 § "C" and pp. 16-17.  Kern Valley State Prison is located in Delano, California, which is in Kern County.  Kern County is located within the boundaries of the Eastern District of California.  See 28 U.S.C. § 84(b).  In the interest of justice, a federal court may transfer a complaint filed in the wrong judicial district to the correct judicial district.  See 28 U.S.C. § 1406(a); Ravelo Monegro v. Rosa, 211 F.3d 509, 512 (9th Cir. 2000).

      Judging from the facts alleged in the Complaint, there does not appear to be any basis for venue in this judicial district.  Instead, venue appears to be appropriate in the Eastern District of California.  Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be transferred to the Eastern District of California.  On or before January 20, 2026, Plaintiff shall file a response to this Order either agreeing to have this action transferred to the Eastern District of California or explaining why venue is appropriate in this judicial district.  Plaintiff is warned that if he fails to timely respond to this Order, the Court will transfer the action to the Eastern District of California.  If Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for convenience.

      IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).

                                                                                                  :
**Initials of Preparer**       LK